UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

RAYMOND DENNIS NEGRON,

Plaintiff,

-against-

CITY OF NEW YORK and FIRE DEPARTMENT OF NEW YORK,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2414 (EK)(MMH)

ERIC KOMITEE, United States District Judge:

Plaintiff Raymond Negron is a veteran and former firefighter. He worked at the New York City Fire Department ("FDNY") between 1996 and 1999. His tenure as a firefighter overlapped with military service in the United States Army Reserve. Negron alleges that defendants FDNY and the City of New York miscalculated his pension benefits by undercounting the hours he would have worked overtime during his military service. Proceeding *pro se*, he brings claims under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court agrees that Negron fails to state a claim under USERRA. Accordingly, and for the reasons that follow, the motion is granted.

## I. Background

The following facts are drawn from the complaint and assumed true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Raymond Negron enlisted in the United States Army Reserve in 1986 and served until 2024. Am. Compl. ("Compl.") ¶ 13, ECF No. 16. During that span, from 1996 to 1999, he also served as a firefighter with FDNY. *Id.* ¶¶ 14-15. Following Negron's retirement from FDNY, the City owed him a monthly pension tied to his "annual average earnings for the highest pay earned in a consecutive thirty-six month period." *Id.* ¶ 16.

During the three-year period Negron worked at FDNY, he was called to active military duty for 171 days. *Id.* ¶ 17. When he was not called to active duty, Negron often worked overtime periods with FDNY which substantially increased his salary. *Id.* ¶¶ 18-19. USERRA provides that Negron's average earnings must be calculated as though he never "incurred a break in service . . . by reason of [his] period or periods of service in the uniformed services." 38 U.S.C. § 4318(a)(2)(A).

Negron alleges that when FDNY calculated his pension benefits, it treated each day he was on active military service as one in which he earned only FDNY base pay. *Id.* ¶ 23. He argues that his pension payments should reflect the extra

overtime pay that he would have received had he not been deployed. *Id.* ¶ 25.

Before FDNY finalized its calculation of Negron's pension payments, Negron voiced concerns that his pension was calculated incorrectly with the relevant FDNY staff. But he was told that "[d]efendants would not consider any statutory requirements under USERRA." *Id.* ¶ 22. Negron retired from the FDNY in October of 1999, and his pension payments began "on or about" July 2000. *Id.* ¶ 26.

Negron filed this lawsuit in May 2025 and amended his complaint in October. He is proceeding *pro se*, although he graduated from law school in 2001 and is a member of the New York Bar. *Id.* ¶ 27.

The complaint charges three violations of 38 U.S.C. § 4318, all for failure to calculate his pension correctly during different periods: Count I covers every payment from October 2004 onward; Count II covers payments between September 11, 2001, and September 2004; and Count III covers payments between October 1999 and September 10, 2001.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).[1] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013). At the same time, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. Specific times and dates stated in an allegation "indicating that the action is untimely [render] it subject to dismissal for failure to state a claim." 5B *Wright & Miller's Federal Practice and Procedure* § 1357 (4th ed. 2026); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).

*Pro se* litigants who are attorneys do "not receive the special solicitude typically owed *pro se* litigants." *Cox v. Dep't of Just.*, 111 F.4th 198, 207 (2d Cir. 2024).

**III. Discussion**

Negron fails to state a USERRA claim.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

**A. Claims Against FDNY**

As an initial matter, the claims against FDNY must be dismissed because it lacks the capacity to be sued. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Dowtin v. 73rd Precinct Police Dep't*, No. 23-CV-2286, 2025 WL 510044, at *2 (E.D.N.Y. Feb. 15, 2025) (observing that FDNY is not a "suable entity").

**B. Statute of Limitations**

USERRA provides that "[a] person reemployed under this chapter shall be treated as not having incurred a break in service with the employer or employers maintaining the plan by reason of such person's period or periods of service in the uniformed services." 38 U.S.C. § 4318(a)(2)(A). The complaint plausibly alleges that Negron was "reemployed." *See Rogers v. City of San Antonio*, 392 F.3d 758, 771 (5th Cir. 2004) ("[A] reservist who returns to his or her job after weekend drill is 'reemployed' just as much as one who is reinstated after a period of service of two years.").

Nevertheless, the City argues that, even if Negron once had a valid USERRA claim, the statute of limitations has since expired. The parties dispute when the limitations period began to run, how long it lasted, whether Congress retroactively

extended it, and whether equitable tolling applies to Negron's claims.

1. <u>The Statute of Limitations Began to Run in July 2000</u>

Negron argues that each erroneous payment he receives — even now — constitutes an independent violation of 38 U.S.C. § 4318. Compl. ¶ 35. As a result, Negron asserts, each improper payment gives rise to its own cause of action with a new limitations period.

The Circuit has explained, however, that a "continuing violations theory" — of the kind Negron asserts — is inappropriate for claims "based on a single decision that results in lasting negative effects." *Novella v. Westchester Cnty.*, 661 F.3d 128, 146 (2d Cir. 2011). That includes pension calculations. *Id.* at 147; *see also Miele v. Pension Plan of New York State Teamsters Conf. Pension & Ret. Fund*, 72 F. Supp. 2d 88, 102 n.14 (E.D.N.Y. 1999) (rejecting the continuing violation theory for pensions). The statute of limitations for pensions instead begins when the pensioner "knows or reasonably should know of the miscalculation." *Novella*, 661 F.3d at 147.

Here, the complaint alleges that Negron was aware of the miscalculation *before* his retirement in October 1999, when he discussed it with the department and was — wrongly — informed

that USERRA was not applicable. Compl. ¶ 23. Therefore, the statute of limitations on Negron's single claim began to run when his miscalculation took effect — that is, when it was finalized "on or about" July 2000. *Id.* ¶ 26.

2. <u>The Statute of Limitations is Four Years</u>

Until 2008, USERRA was silent as to a statute of limitations. As a result, "many courts applied the four-year 'catch-all' statute of limitations set forth in 28 U.S.C. § 1658 to USERRA claims." *Tully v. Cnty. of Nassau,* No. 11-CV-2633, 2012 WL 487007, at *5 (E.D.N.Y. Feb. 14, 2012). Section 1658 says that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a).

USERRA was enacted in 1994. Claims under the statute "aris[e] under an Act of Congress enacted after [December 1, 1990]" because the statute created "new rights of action and corresponding liabilities." *Jones v. R.R. Donnelley Co.*, 541 U.S. 369, 381 (2004). Specifically, USERRA amended the Veterans' Reemployment Rights Act of 1974 by adding a provision that allows plaintiffs to seek liquidated damages; converting "what had been an equitable claim into a legal one, which brought along the corresponding right to a jury trial."

*Middleton v. City of Chicago*, 578 F.3d 655, 659 (7th Cir. 2009); *see also Baldwin v. City of Greensboro*, 714 F.3d 828, 834 (4th Cir. 2013) (Section 1658 applies); *Tully*, 2012 WL 487007, at *7 (same and collecting cases).

Consequently, the statute of limitations on Negron's claim began to run "on or about" July 2000 and expired four years later in July 2004. Compl. ¶ 26.

3. <u>USERRA's Four-Year Statute of Limitations Was Not Retroactively Extended</u>

On October 10, 2008, Congress enacted the Veterans Benefit Improvement Act ("VBIA") which amended USERRA to clarify that USERRA claims are not subject to any statute of limitations. Negron argues that, even if his claim did expire, the VBIA retroactively revives it. Compl. ¶ 37.

"[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994). A statute has a retroactive effect when it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280. "[T]he resurrection of previously time-barred claims has an impermissible retroactive effect." *Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance*

*Co.*, 391 F.3d 401, 410 (2d Cir. 2004), *as amended* (Jan. 7, 2005). Only "clear congressional intent" can override the presumption against retroactivity. *Landgraf*, 511 U.S. at 280. The clearest evidence of congressional intent is an express statutory statement that the law applies retroactively. *Id.*

Here, nothing in the text of the VBIA suggests a clear congressional intent that it should be applied retroactively. Courts that have considered USERRA claims that expired before the VBIA was enacted have therefore applied Section 1658's four-year limitations period. *See, e.g.*, *Tully*, 2012 WL 487007, at *11; *Bjelobrk v. Suffolk Cnty.*, No. 23-CV-08811, 2025 WL 711791, at *8 (E.D.N.Y. Mar. 5, 2025); *Middleton*, 578 F.3d at 662-63; *Charcalla v. Gen. Elec. Transp. Sys.*, No. 11-CV-277, 2012 WL 1436563, at *4 (W.D. Pa. Apr. 25, 2012).

Negron counters that his first claim (for pension payments made between October 2004 and the present) should at least go forward because the statute of limitations had not expired when the VBIA was enacted. Compl. ¶ 37. He cites to *Goodman v. City of New York,* No. 10-CV-5236, 2011 WL 4469513, at *6 (S.D.N.Y. Sept. 26, 2011), in which the district court held that USERRA claims still live when the VBIA was enacted had their limitations periods extended indefinitely. *Id.* ¶ 37. As previously explained, however, Negron has only ever had a single

claim stemming from the original decision to calculate his pension in violation of USERRA. That claim expired around July 2004, well before the VBIA was enacted. *Goodman* is therefore inapposite.

4. <u>The Doctrine of Equitable Tolling Does Not Apply</u>

Next, Negron contends that, even if the statute of limitations on his claim has expired, it should be equitably tolled. The doctrine of equitable tolling permits courts to extend a statute of limitations "to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). Claims may be tolled if the plaintiff can "demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001).

For example, in *Harper v. Ercole*, the plaintiff missed the deadline to file a petition for a writ of habeas corpus. 648 F.3d 132, 138-39 (2d Cir. 2011). During the last seventy-eight days of the limitations period, he was hospitalized and "underwent six surgeries, was confined to the bed, and was heavily medicated, affecting his consciousness and rendering him unable to write." *Id.* at 138. Despite his incapacitation, the plaintiff submitted a letter to the court requesting an

extension on the deadline to petition for the writ. *Id.* at 139. The Circuit held that this level of incapacitation, combined with the letter, served to justify equitably tolling the statute of limitations. *Id.* at 142.

In his opposition, Negron does not argue that he faced extraordinary circumstances that prevented timely filing. Instead, he contends that tolling is necessary to prevent "inequity" because he would suffer a significant detriment if his claims were barred, but the City would not suffer prejudice because it has "unclean hands" from refusing to correctly calculate Negron's pension correctly despite being put on notice before it was finalized that USERRA applies. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 10, ECF No. 21.

Even if the balance of equities tips decidedly towards Negron, however, a claim may not be equitably tolled absent a showing of extraordinary circumstances. Negron makes no such showing.

The complaint does allege that Negron filed his claim late because he became "extremely busy" due to aiding with planning of the Afghanistan invasion. Compl. ¶ 29. But Negron chose to serve in the military and "the extraordinary-circumstances prong . . . is meant to cover matters outside [his] control." *Menominee Indian Tribe of Wisconsin v. United*

*States*, 577 U.S. 250, 257 (2016).[2] Moreover, Negron would still need to make a showing that he attempted to pursue his claim, which he does not do. It strains credulity to suggest he could do nothing at all to pursue this claim between July 2000 and July 2004.

Negron also argues in his opposition that his filing should be construed as timely because he incorrectly assumed he would be a class member in a similar suit commenced in the Southern District of New York in 2010. *See Goodman*, 2011 WL 4469513, at *6. In that case, the City of New York entered into a settlement agreement with a class of select New York City Police Officers (which was eventually extended to firefighters) "who performed Active Military Service on or after September 11, 2001." Order Conditionally Certifying the Settlement Class, Ex. A, ¶¶ 2.23, 4.8, *Goodman v. City of New York*, No. 10-CV-5236 (S.D.N.Y. July 2, 2013), ECF No. 97-1. Negron contends that the Goodman class is based on "a completely arbitrary date with respect to USERRA and § 4318 claims" and accordingly "there is no plausible reason [he] should be excluded from that class of

---

[2] The complaint also alleges that Negron was diagnosed with post-traumatic stress disorder ("PTSD"). Compl. ¶ 31. But a PTSD diagnosis, standing alone, is not an extraordinary circumstance. *See Abankwah v. Lynch*, 632 F. App'x 670, 672-73 (2d Cir. 2015). And, in any event, Negron's alleged diagnosis was not until 2007 — years after the statute of limitations already expired around July 2004.

persons going back to his retirement date of October 1999." Compl. ¶ 41-42.

Even if Negron's characterization of the *Goodman* class is correct, however, "attorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires." *Smaldone*, 273 F.3d at 138. That is especially so here because Negron is a lawyer representing himself. This is not a case in which, through no fault of their own, the plaintiff was given poor advice by legal counsel upon which they depended. Moreover, Negron's claim had already expired by the time the complaint in *Goodman* was filed. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012) ("The tolling period cannot delay the expiration of a deadline when that deadline has already expired.").

**C. Leave to Amend**

"It is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). It is proper to dismiss a complaint with prejudice only when "amendment would be futile." *Cohen v. Citibank, N.A.*, 686 F.3d 65, 73 (2d Cir. 2012).

Here, amendment would not be futile because a tolling statute for military service could at least possibly apply to

Negron's claim. Although not mentioned by the parties, 50 U.S.C. § 3936(a) provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court . . . by or against the servicemember." 50 U.S.C. § 3936(a). If Negron's limitations period remained live on October 10, 2008 (the day the VBIA was enacted), then no statute of limitations applies to his claim. *See Goodman*, 2011 WL 4469513, at *7 ("[A]pplication of the VBIA to claims that were live at the time of its enactment [does] not have an impermissible retroactive effect."). *Cf. Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 889 (2d Cir. 1995) ("[L]imitations period enacted in the [Civil Rights Act of 1991] should apply to claims filed after its enactment, including those in which the cause of action accrued beforehand.").

However, "the burden of proving that tolling is appropriate rests on the plaintiff." *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Although the complaint alleges that Negron served in the U.S. Army Military Police Unit, the Judge Advocate General Corps, and the Regular Army between September 2001 and 2007, it does not specify the length of active military service in any component.

To meet his burden, Negron would need to allege that he spent less than four years not in military service between the date his pension was finalized ("on or about" July 2000) and October 10, 2008.

If Negron wishes to file a second amended complaint that corrects the deficiencies identified herein, he must do so within twenty-eight days. The second amended complaint must comply with Federal Rule of Civil Procedure 10. That Rule provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). As the foregoing explains, the Second Circuit rejects a "continuing violations theory" for pension miscalculations that stem from a single, original decision. Negron's complaint therefore describes a single set of circumstances, with a single cause of action. Accordingly, the second amended complaint should contain one cause of action that encompasses every allegedly miscalculated pension payment until the present.

Negron is further advised that any second amended complaint will completely replace the first amended complaint, that it must be captioned Second Amended Complaint, and that it must bear the same docket number as this order: 25-CV-2414

(EK)(MMH). If he declines to amend, the Court will direct the Clerk of Court to enter judgment and close the case.

## IV. Conclusion

For the foregoing reasons, Negron's complaint is dismissed without prejudice. Negron may file an amended complaint consistent with Section III.C of this Order.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: August 18, 2026
Brooklyn, New York